NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KATANYA ROYSTER, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 11-3599 (WHW) |
| | : | |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | : | |
| | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

Plaintiff Katanya Royster has filed claims under the New Jersey Motor Vehicle Warranty Act, Magnuson-Moss Warranty Improvement Act ("MMWA"), and the Uniform Commercial Code against Defendant Jaguar Land Rover North America, LLC. Defendant removed the case to the United States District Court for the District of New Jersey. Plaintiff now moves to remand the case to the New Jersey Superior Court, Law Division, Morris County. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motions are decided without oral argument. Plaintiff's motion for remand to state court is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 25, 2008, Plaintiff leased a new 2009 Jaguar XF vehicle from Bergen County Jaguar in Paramus, New Jersey. (Compl. ¶¶ 3, 4, 17.) The vehicle is registered in New Jersey and was manufactured and warranted by Defendant. (Id. ¶¶ 3, 4.) The lease payments to be paid by end of the 47 month lease term totaled $38,473.34. (Id. Ex. B.) Plaintiff also paid

**NOT FOR PUBLICATION**

registration charges, document fees, sales tax, and finance and bank charges. (Id. ¶ 5.) Plaintiff alleges that Defendant issued "warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications" that were the basis of the parties' bargain. (Id. ¶¶ 6, 7.) These include "an express 4-year/50,000 mile warranty" and other "guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual". (Id. ¶ 8.) The lease itself states that Plaintiff agreed to lease to vehicle "as is" and that "no warranties or representations, either express or implied as to the vehicle or any part or accessory thereof," and "no warranty of merchantability or fitness of the vehicle for any particular purpose or any other representation or warranty whatsoever" were made by the lessor. (Id. Ex. B.)

Three warranty repair attempts by Defendant through its authorized dealers are documented, on October 14, 2010, February 14, 2011, and March 15, 2011. (Id. ¶¶ 10-12.) Plaintiff alleges that the vehicle "continues to exhibit defects and nonconformities, which substantially impair its use, value, and/or safety." (Id. ¶ 13.)

Plaintiff filed this action against defendant in the Superior Court of New Jersey, Morris County on May 2, 2011. (Compl.) Defendant filed a notice of removal to the District Court of the District of New Jersey on June 22, 2011, pursuant to 28 U.S.C § 1441(b). (Def.'s Notice of Removal at 2.) Defendant asserts that Plaintiff's claim under the MMWA gives rise to federal question jurisdiction because Plaintiff's cause of action meets the $50,000 amount in controversy requirement necessary under the MMWA to obtain federal jurisdiction, and asserts pendent jurisdiction over Plaintiff's state-law claims. (Id.; Def.'s Opp'n to Pl.'s Mot. for Remand at 1.)

NOT FOR PUBLICATION

Plaintiff now moves to remand the case to state court pursuant to 28 USC §1447(c), asserting Plaintiff's cause of action does not meet the MMWA's $50,000 amount in controversy requirement. (Pl.'s Mot. for Remand at 1.)

### STANDARD OF REVIEW

28 U.S.C. § 1447(c) provides in pertinent part:

If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal.

When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). Moreover, "removal statutes 'are to be strictly construed against removal, and all doubts resolved in favor of remand.'" Id. at 111 (citations omitted).

### DISCUSSION

**I.   The Magnuson-Moss Warranty Act**

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under . . . a written warranty, implied warranty, or service contract, maybe bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). A cause of action brought under the MMWA may not proceed in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in the suit." 15 U.S.C. § 2310(d)(3)(B). The amount in controversy does not include attorneys' fees, pendent state claims, and treble and punitive damages. See Samuel-Bassett v. Kia Motors North America, Inc., 357 F.3d 392, 402 (3d Cir. 2004); Suber v. Chrysler Corp., 104 F.3d 578, 588 n.12 (3d Cir.

**NOT FOR PUBLICATION**

1997); Roxbury v. Gulf Stream Coach, Inc., No. 07-6046, 2008 WL 4307113, at *2 (D.N.J. Sept. 15, 2008); Mele v. BMW of North America, Inc., No. 93-2399, 1993 WL 469124, at *3-4 (D.N.J. Nov. 12, 1993).

To determine the amount in controversy under the MMWA, the "party asserting federal jurisdiction must allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle." Samuel-Bassett, 357 F.3d at 402 (quoting Voelker v. Porsche Cars North America, Inc. 348 F.3d 639, 643 (7th Cir. 2003)); see also Roxbury, 2008 WL 4307113 at *2 ("[t]he standard measure of damages under the [MMWA] is the cost of the vehicle minus both the present value of the allegedly defective vehicle and the value of the plaintiff's usage.")

## II. Appropriateness of Remand

In her complaint, Plaintiff alleges damages "in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, attorneys' fees, and all court costs." (Compl. ¶ 46.) The parties, however, disagree as to how to determine the price of the Jaguar XF. Defendant argues the price of the vehicle is between $49,970, the manufacturer's suggested retail price of the vehicle ("MSRP"), and $50,613.44, the agreed upon gross capitalized cost of the vehicle on the date of delivery. (Def.'s Mem. of Law at 5.) Plaintiff argues that the price of the vehicle should be calculated as $38,473.34, the total amount Plaintiff would be required to pay if held to her lease. (Pl.'s Mot. for Remand at 5.) Plaintiff alleges that the other "collateral charges" asked for are less than the $11,500 that, when added to the lease price of $38,473.34, would make the amount in controversy equal to the $50,000 minimum required under the MMWA. (Id. at 6.) ("[I]t is beyond the scope of reason to believe that such vaguely alluded-to charges would provide the more than $11,500 necessary to reach the amount

required by the MMWA for the exercise of federal jurisdiction.") As attorneys' fees are not included in the amount in controversy calculation under the MMWA, Samuel-Bassett, 357 F.3d at 402, Plaintiff's sought damages for MMWA purposes total less than $50,000. (See Pl.'s Mot. for Remand at 5-6.)

"Where the complaint specifically avers that the amount sought is less than the jurisdictional minimum . . . a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount." Frederico v. Home Depot, 507 F.3d 188, 196-97 (3rd Cir. 2007); see also Morgan v. Gay, 471 F.3d 469, 396 (3d Cir. 2004). In this case, Plaintiff has averred damages less than the jurisdictional minimum of $50,000. (See Pl.'s Compl. ¶¶ 5, 29, 46, 52.) While Defendant alleges that Plaintiff has "at a minimum . . . effectively demanded that the Court award the MSRP of $49,970," (Def.'s Mem. of Law at 2,) Defendant has not proven to a legal certainty that Plaintiff can recover the jurisdictional minimum of $50,000. Plaintiff is rather demanding an award less than that, as Plaintiff is interpreting the "price of the subject vehicle" as $38,473, the total lease payments, making no mention of the MSRP or the vehicle's gross capitalized cost in its arguments. (Pl.'s Mot. for Remand at 5;) see also Roxbury, 2008 WL 4307113 at *2 (MMWA amount in controversy not met and case remanded where purchase price of vehicle was $77,250.73, but "[p]laintiff's brief in support of the cross motion to remand. . . is an admission that he seeks less than $50,000 in damages under his [MMWA] claim").

Returning to formula used in Samuel-Bassett to determine the amount in controversy under the MMWA, the cost of the vehicle is $38,473 plus collateral charges less than $11,500. See 357 F.3d at 402; Roxbury 2008 WL 4307113 at *2; (Pl.'s Mot. for Remand at 5-6.) Neither party in its briefs has alleged the "present value of the allegedly defective vehicle" nor the "value

**NOT FOR PUBLICATION**

that the plaintiff received from the allegedly defective vehicle." Samuel-Bassett 357 F.3d at 402. However, given that the cost of the vehicle is less than the $50,000 jurisdictional requirement, any values that can be established will simply decrease the amount in controversy.  Because Plaintiff's cause of action does not meet the MMWA's amount in controversy requirement, this court lacks jurisdiction over the case.

## CONCLUSION

Plaintiff's Motion to Remand this case to the Superior Court of New Jersey, Morris County is GRANTED.

s/ William H. Walls
United States Senior District Judge